HIGGINS, respondent, *v.* EDWARDS, appellant.

STATUTORY CONSTRUCTION — *interest upon county warrants.* The act approved January 11, 1872, provided that county warrants should not bear interest after its passage. The act approved January 12, 1872, provided that said warrants should bear interest at the rate of ten per cent per annum after they had been presented to the county treasurer and duly indorsed not paid. *Held,* that the first act was repealed by the last, and that the warrants bear interest at said rate.

### *Appeal from Second District, Missoula County.*

THIS action was brought to recover the principal and interest of certain warrants of Missoula county, drawn upon the general fund. The answer denied that Higgins, the owner of the warrants, was entitled to any interest. KNOWLES, J., rendered judgment against the county for the principal and interest claimed in the complaint.

W. J. STEPHENS, for appellant.

Appellant admits the laws are as they appear in the statute. The law prohibiting counties from paying interest on warrants was never a part of the codified statutes of Montana, and never revised or reported upon by the Code commissioners. This is one of the findings of the court below. This law was never repealed or affected by the adoption of the codified statutes. The law allowing interest was a continued statute and not a new enactment, and had its force from February 9, 1865, the date of its approval originally. It was not a new act having force from January 12, 1872, the date of the approval of the codified statutes. The legislature had no reference to the law prohibiting the payment of interest on warrants by the adoption of the codified laws. This law cannot be repealed except by an act which is plain on the subject. Any other construction makes useless the repealing clause in Cod. Sts. 554.

JOHNSTON & TOOLE and W. J. McCORMICK, for respondent.

All the laws in the codified statutes embraced between pages 372 and 554, were enacted January 12, 1872, and all acts in con-

VOL. II. — 74.

flict with them were repealed. The law allowing interest on county warrants is so embraced; the law prohibiting interest is not, and, being in conflict with the other act, is repealed.

The construction by appellant would repeal all laws intended to be enacted, and re-enact all laws intended to be repealed.

WADE, C. J. Do county warrants bear interest? This is the only question in this case.

On January 11, 1872, the following statute was enacted by the legislative assembly: "No county warrants issued after the passage of this act shall bear interest." Cod. Sts. 638, § 1.

On the following day the same assembly enacted this statute: "That all county warrants heretofore drawn, or that may hereafter be drawn, by the proper authorities of any county, shall, after having been presented to the county treasurers of the respective counties of this Territory, and by them indorsed, not paid for want of funds in the treasury, from and after said date of presentation and indorsement, shall draw interest at the rate of ten per cent per annum." Cod. Sts. 480, § 10.

The act approved January 12, 1872, in express terms repealed all acts or parts of acts in conflict therewith, and the statute approved January 11, 1872, was repealed by the statute approved January 12, 1872. Cod. Sts. 554, § 1. The act, approved January 12, 1872, is in force and county warrants draw interest at the foregoing rate, after they have been duly presented for payment and indorsed for non-payment.

*Judgment affirmed.*